[Dkt No. 7]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| KIMBERLY A. VALENTE, *pro se* <br><br> Plaintiff, <br><br> v. <br><br> LEONARD B. ZUCKER, ESQ.; <br> DOUGLAS J. McDONOUGH, ESQ.; <br> ZUCKER, GOLDBERG & ACKERMAN, LLC; <br> GREGORY FUNDING, LLC, <br><br> Defendants. | Civil No. 20-8316 <br> (RMB/MS) <br><br> **OPINION** |

**BUMB, UNITED STATES DISTRICT JUDGE:**

*Pro se* Plaintiff, Kimberly A. Valente ("Plaintiff" or "Valente"), brings this suit alleging that Defendants Leonard B. Zucker, Esq. ("Zucker"), Douglas J. McDonough, Esq., Zucker, Goldberg & Ackerman, LLC ("Zucker Goldberg"), and Gregory Funding, LLC ("Gregory") (collectively, the "Defendants"), fraudulently obtained a judgment of foreclosure upon Valente's property based upon allegedly nonexistent evidence. As best the Court can decipher, the Amended Complaint filed on July 28, 2020 asserts the following ten claims: breach of contract; scheme to defraud; detrimental reliance; unlawful deception in the original foreclosure case; "RICO"; wrongful foreclosure; slander

1

of title; violation of the Consumer Protection Act; slander of credit; and infliction of emotional distress. Dkt. No. 3. Plaintiff brings these claims against each of the Defendants.

On August 14, 2020, Defendant Gregory filed a Motion to Dismiss the Amended Complaint with Prejudice [Dkt. No. 7] pursuant to Fed. R. Civ. P. 12(b)(6) and 12(d). On March 31, 2021, the Court converted the Motion to Dismiss to a Motion for Summary Judgment pursuant to Fed. R. of Civ. P. 56. The Court gave Plaintiff 30 days to submit any additional materials pertinent to the pending Motion. [Docket No. 24]. Plaintiff has failed to respond to the Court's Order. For the reasons set forth herein, the Court will grant judgment in favor of Defendant Gregory, and dismiss the case against Defendants Zucker and Goldberg with prejudice.  In explicably, Defendant Douglas J. McDonough has neither filed a Motion for Summary Judgment nor filed any responses to the various filings.

I. **Factual Background**

The case before this Court emanates from a residential mortgage foreclosure action in New Jersey state court, captioned U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2018-B, Mortgage-Backed Notes v. Kimberly A. Valente, Superior Court of N.J., Chancery Division, Atlantic County, Docket No. F-20262-09. Currently, there is also an appeal taken from that case,

2

Appellate Docket No. A-003542-19. Plaintiff filed this suit despite the pending appeal in state court.

Plaintiff's Amended Complaint alleges the following facts. "On or around April 5, 2006 the plaintiff executed a Note in favor of First Horizon Home Loan Corporation, in the amount of $104,000.00." Amend. Compl. ¶ 2.1. "Beginning in June 2006 and continuing until July of 2008 the plaintiffs made timely payments to FIRST HORIZON HOME LOAN CORPORATION." Id. ¶ 11.2. According to Plaintiff, the mortgage was then assigned to MetLife Home Loans on April 7, 2009, and "[i]n early 2009, MetLife Home Loans, a division of MetLife Bank, NA claimed the plaintiff was behind on payments and hired Foreclosure attorney to file a foreclosure claim against the plaintiff." Id. ¶ 11.3.

"On April 16, 2009, the original foreclosure complaint was filed with the office of the Clerk of the Superior Court of New Jersey and on June 19, 2009 served on the plaintiff." Id. ¶ 11.4. "Default was entered on March 12, 2012." Id. ¶ 11.5.

Defendant Gregory asserts that the original mortgage was then assigned three times after the filing of the Complaint: From MetLife to JP Morgan Chase Bank, National Association ("JP Morgan"), executed on July 1, 2013; from JP Morgan Chase Bank to MTGLQ Investors, L.P. ("MTGLQ"), executed on February 16, 2016; and from MTGLQ to U.S. Bank, National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan

3

trust, 2018-B, Mortgage-Backed Notes ("U.S. Bank"), executed on September 6, 2018. See Motion to Dismiss, Dkt. No. 7, page 4. Defendant Gregory services the subject loan on behalf of U.S. Bank.

Plaintiff alleges that because "[t]he Original Promissory note that evidences the alleged debt was never provided in the foreclosure paperwork to verify a loan was made...[t]he wrongful foreclosure is Void, as it did not contain the legal documents to verify a loan, the terms, amount loaned, or any documentation signed by the lender to verify a loan was provided to the plaintiff." Amend. Compl. pg. 2. In both her Amended Complaint and in subsequent jurisdictional challenges, Plaintiff asserts that "[t]ere is no admissible evidence to verify the lender signed a contract to provide a loan, and therefore State Court did not have jurisdiction to rule." Id. Furthermore, Plaintiff avers that "[t]he fact the defendant's filed a wrongful foreclosure lawsuit in State court against the plaintiff will verify the defendant's contracted to provide a loan to the plaintiff, and the defendant's owed a legal duty to the plaintiff." Amend. Compl. ¶ a.

A final judgment was entered in state court on March 20, 2019, in the amount of $215,957.49. See Motion to Dismiss, Dkt. No. 7, Exhibit "P". A Sherriff's Sale was then scheduled, and Plaintiff Valente used two statutory adjournments to postpone the sale

until March 5, 2020, on which date it was struck off to the Foreclosure Plaintiff. See Motion to Dismiss, Dkt. No. 7, Exhibit "Q". Plaintiff Valente had previously filed a Motion to Vacate Final Judgement and a Motion to Stay the Sheriff's Sale on February 27 and 28, 2020, respectively. The Motion to Stay was denied on March 5, 2020 by the Chancery Judge, and the Motion to Vacate Final Judgment was denied by the Honorable Michael J. Blee, P.J. Ch. on March 27, 2020. See Motion to Dismiss, Dkt. No. 7, Exhibits "Q" and "R".

Plaintiff Valente filed an appeal of Judge Blee's March 27, 2020 Order on May 14, 2020. See Docket No. A-003542-19 Team 03. A deficiency letter was sent on May 22, 2020, and Valente filed Motions to proceed as an indigent and for a stay pending appeal on June 3, 2020. Both Motions were denied on July 7, 2020. See Motion to Dismiss, Dkt. No. 7, Exhibit "S". This lawsuit followed despite the pending appeal of Judge Blee's Order in state court, with Plaintiff Valente filing her initial Complaint in this Court on July 6, 2020. Dkt. No. 1.

In this action, Plaintiff asserts that her injuries include "[a]ll of the monthly payments made on a fake loan plus interest for the number of year's payments were made, legal expenses thus are to be remitted to me in this case are $21,029.00," [Amend. Compl. ¶ h], as well as "compensatory and punitive damages

5

provided for in the amount of 5.5 million dollars including costs and legal expenses." Amend. Compl. Pg. 15, ¶ 4.

Summons were returned executed as to Defendants Gregory, Douglas J. McDonough, Esq., and Zucker, Goldberg, & Ackerman, LLC on July 27, 2020. Dkt. No. 4. The summons as to remaining Defendant Leonard B. Zucker, Esq. was returned unexecuted on July 29, 2020. Dkt. No. 5. Defendant Gregory advised that Mr. Zucker is deceased. See Motion to Dismiss, Dkt. No. 7, page 4. As to Defendant Zucker, Goldberg, & Ackerman, LLC, Defendant Gregory advised that the firm ceased operations in 2015 and filed a Chapter 11 Bankruptcy Petition, Case No. 15-24585-CMG; the case was confirmed in 2017 and terminated on November 22, 2019. Id. Defendant McDonough answered Plaintiff's Amended Complaint on August 18, 2020. Dkt. No. 8.

## II.  Legal Standard

Having converted the within Motion to one for summary judgment, the Court follows such standard. Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" only if it might impact the "outcome of the suit under the governing law." Gonzalez v. Sec'y of Dept of Homeland Sec., 678 F.3d 254, 261 (3d Cir. 2012).  A dispute is "genuine"

6

if the evidence would allow a reasonable jury to find for the nonmoving party. Id.

In determining the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable inferences and doubts should be resolved in favor of the nonmoving party. Melrose, Inc. v. City of Pittsburgh, 613 F.3d 380, 387 (3d Cir. 2010). However, a mere "scintilla of evidence," without more, will not give rise to a genuine dispute for trial. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001). Moreover, a court need not adopt the version of facts asserted by the nonmoving party if those facts are "utterly discredited by the record [so] that no reasonable jury" could believe them. Scott v. Harris, 550 U.S. 372, 380 (2007). In the face of such evidence, summary judgment is still appropriate "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Walsh v. Krantz, 386 F.App'x 334, 338 (3d Cir. 2010).

The movant has the initial burden of showing through the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits "that the non-movant has failed to establish one or more essential elements of its case." Connection Training Servs. v. City of Phila., 358 F. App'x 315, 318 (3d Cir. 2009). "If the moving party meets its burden, the burden then shifts to the non-movant to establish that summary

judgment is inappropriate." Id.  In the face of a properly supported motion for summary judgment, the nonmovant's burden is rigorous: he "must point to concrete evidence in the record"; mere allegations, conclusions, conjecture, and speculation will not defeat summary judgment. Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995); accord. Jackson v. Danberg, 594 F.3d 210, 227 (3d Cir. 2010) (citing Acumed LLC. v. Advanced Surgical Servs., Inc., 561 F.3d 199, 228 (3d Cir. 2009)("[S]peculation and conjecture may not defeat summary judgment.").  Moreover, "the court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial"; the evidence does not need to be in admissible form at the time of summary judgment.  FOP v. City of Camden, 842 F.3d 231, 238 (3d Cir. 2016).

### III. Analysis

The Court holds that Plaintiff's claims of breach of contract, scheme to defraud, detrimental reliance, unlawful deception in the original foreclosure case, "RICO", and wrongful foreclosure are barred by New Jersey's Entire Controversy Doctrine, and alternatively, this Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine. Plaintiff's remaining claims of slander of title, violation of the Consumer Protection Act, slander of credit, and infliction of emotional distress are

merely conclusory allegations, and will be dismissed without prejudice as Plaintiff fails to state a claim upon which relief can be granted.

### A. Entire Controversy Doctrine

First, the Complaint is barred by New Jersey's Entire Controversy Doctrine. As the Court of Appeals for the Third Circuit recently explained in Shibles v. Bank of America, N.A.:

> New Jersey's entire controversy doctrine embodies the principle that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy. We have characterized the doctrine as New Jersey's specific, and idiosyncratic, application of traditional res judicata principles. The doctrine applies in federal courts when there was a previous state-court action involving the same transaction.
>
> There is no doubt that the entire controversy doctrine applies to foreclosure proceedings, but only to claims that could have been filed in the foreclosure action, that is, only to claims that were germane to the foreclosure proceeding. The New Jersey Superior Court, Appellate Division recently re-affirmed that basic tenant of state law, explaining that a defendant in a foreclosure case may not fail to diligently pursue a germane defense and then pursue a civil case against the lender alleging fraud by foreclosure.

730 F. App'x 103, 106-07 (3d Cir. 2018) (internal citations and quotations omitted).

Like in Shibles, Plaintiff here generally alleges fraud with respect to state law claims that could have been brought during

9

the foreclosure proceeding. Such claims, however, are barred by the entire controversy doctrine. 730 F. App'x at 107. Plaintiff's claims for breach of contract, scheme to defraud, detrimental reliance, unlawful deception in the original foreclosure, "RICO", and wrongful foreclosure all relate to challenges to not just the foreclosure proceeding itself, but to the underlying loan transactions. Accordingly, the Court holds that these particular asserted claims are barred by the entire controversy doctrine.

**B. Rooker-Feldman Doctrine**

In addition, the above claims are also barred by the Rooker-Feldman doctrine. See Lopaz v. Stern & Eisenberg, P.C., No. CV 18-2136 (RMB/JS), 2018 WL 6061576 (D.N.J. Nov. 20, 2018). In Lopaz, the plaintiff claimed her injuries resulted directly from the foreclosure judgment in that she suffered the actual, physical loss of her home. Id. at 4. The Supreme Court has held that the Rooker-Feldman doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Plaintiff Valente's claims raise a similar issue here, in that

10

she asserts her injuries stem from a "conspiracy to defraud the Plaintiff and take advantage of her and her property in the instant matter." Opposition Brief, ¶ 5. With this, Ms. Valente "'complain[s] of injuries caused by [a] state-court judgment [ ] rendered before the district court proceedings commenced.'" Shibles, 730 F. App'x at 105. As such, the Rooker-Feldman doctrine applies to deprive this Court of subject matter jurisdiction.

Because of this, the Court alternatively holds that it lacks subject matter jurisdiction over Plaintiff's claims for breach of contract, scheme to defraud, detrimental reliance, unlawful deception in the original foreclosure, "RICO", and wrongful foreclosure.

### C. Plaintiff's Remaining Claims

Plaintiff's remaining claims of slander of title, violation of the Consumer Protection Act, slander of credit, and infliction of emotional distress are conclusory and fail to include the requisite detail to adjudicate potential relief. These claims will be dismissed without prejudice.  To the extent Plaintiff can cure the deficiencies consistent with this Court's Opinion she may file a Motion for Leave to Amend within 21 days.  In the event she fails to file such Motion, these claims will be dismissed with prejudice as to Defendant Gregory. **Conclusion**

11

Additionally, Plaintiff has failed to dispute the averments that Defendant Leonard B. Zucker, Esq. is deceased and Defendant Zucker, Goldberg & Ackerman, LLC is known to have declared bankruptcy and closed. Accordingly, the Amended Complaint as to these Defendants will be dismissed with prejudice.

An appropriate Order shall issue on this date.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: **May 18, 2021**