THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

KIMBERLY A. VALENTE,

Plaintiff,

v.

LEONARD B. ZUCKER, ESQ. et al.,

Defendants.

Civil No. 20-8316 (RMB/SAK)

**OPINION AND ORDER**

This matter is before the Court on the motion to amend [ECF No. 27] filed by *pro se* Plaintiff Kimberly A. Valente. The Court received the opposition of Defendant Gregory Funding LLC [ECF No. 30]. The Court exercises its discretion to decide Plaintiff's motion without oral argument. *See* Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff filed this action on July 6, 2020 against Defendants Leonard B. Zucker, Esquire, Douglas J. McDonough, Esquire, Zucker, Golberg & Ackerman, LLC, and Gregory Funding, LLC (collectively, "Defendants") asserting various claims related to a residential mortgage foreclosure action in New Jersey state court.[1] *See* Compl. [ECF No. 1]. Shortly thereafter, Plaintiff filed her

---

[1] *U.S. Bank National Association, as Indenture Trustee on behalf of and with respect to Ajax Mortgage Loan Trust 2018-B, Mortgage-Backed Notes v. Kimberly A. Valente*, No. F-20262-09 (N.J. Super. Ct. Ch. Div.). Plaintiff filed the instant action while an appeal of the case was pending. *See Valente*, No. A-003542-19T3 (N.J. Super. Ct. App. Div.) (appeal filed on May 14, 2020).

First Amended Complaint ("FAC") which asserted the following ten claims against all Defendants: (1) breach of contract; (2) scheme to defraud; (3) detrimental reliance; (4) unlawful deception; (5) RICO; (6) wrongful foreclosure; (7) slander of title; (8) violation of the Consumer Protection Act; (9) slander of credit; and (10) infliction of emotional distress. *See* FAC ¶¶ 2.1–10.1 [ECF No. 3]. Defendant Gregory Funding LLC ("Gregory") subsequently filed a motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, for summary judgment under Rules 12(d) and 56. *See* Mem. Supp. Mot. to Dismiss [ECF No. 7-1]. On March 31, 2021, the Honorable Renée M. Bumb, U.S.D.J., issued an Order granting Gregory's request to convert the motion to dismiss and hear it as a motion for summary judgment. *See* ECF No. 24.

On May 18, 2021, Judge Bumb issued an Opinion and Order granting summary judgment in Gregory's favor and dismissing the claims against Defendants Zucker and Zucker, Goldberg & Ackerman, LLC with prejudice. *See* Op. [ECF No. 25]; Order [ECF No. 26].[2] Specifically, Judge Bumb held Plaintiff's first six claims—breach of contract, scheme to defraud, detrimental reliance, unlawful deception, "RICO," and wrongful foreclosure—were all barred by New Jersey's Entire Controversy Doctrine, and alternatively, that the Court lacked subject matter jurisdiction to hear them under the *Rooker-Feldman* doctrine. *See* Op. at 8–11. Plaintiff's remaining claims for slander of title, violation of the Consumer Protection Act, slander of credit, and infliction of emotional distress were dismissed without prejudice as "merely conclusory allegations" that failed to state a claim upon which relief could be granted. *Id.* at 8–9. In addition, Judge Bumb found Plaintiff "failed to dispute the averments that Defendant Leonard B. Zucker, Esq. is deceased and Defendant Zucker, Goldberg & Ackerman, LLC is known to have declared bankruptcy and closed," while

---

[2] Despite filing an answer to the FAC, Defendant McDonough did not move for summary judgment or file any responses to the various filings. *See* Op. at 2; *see also* Answer [ECF No. 8].

noting the summons was returned unexecuted as to Zucker. *Id.* at 6, 12; *see* ECF No. 5. As a result, the FAC was dismissed with prejudice as to the two Defendants and both parties were terminated from the case. *See* Op. at 12; Order at 1. To the extent Plaintiff could cure the deficiencies noted, she was given thirty days to file a motion for leave to amend her complaint in a manner consistent with the Opinion. *See* Op. at 11.

On the thirtieth day, Plaintiff filed the instant motion seeking leave to amend. *See* Mot. Plaintiff's motion consists entirely of what she labels as her proposed "Third Amended Complaint" ("TAC"),[3] including several exhibits attached thereto. She offers no brief or argument in support of the proposed amendment.[4] *See id.* In particular, the proposed TAC asserts six claims—three of which were previously dismissed with prejudice—against seven Defendants, including the original four named in Plaintiff's FAC—and two of which were terminated from the case entirely due to death and bankruptcy. *See* TAC at 1;[5] *see also* Op. at 12; Order at 1. The three newly named Defendants—West, Becker, and Pluese, Becker & Saltzman, LLC ("PBS Defendants")—are also largely absent from the proposed amendment, but for their inclusion as parties in the caption. *See* TAC at 1, 7–8. All in all, the proposed TAC asserts the following claims against each Defendant: (1) wrongful foreclosure; (2) breach of contract; (3) RICO; (4) slander of title; (5) slander of credit; and (6) infliction of emotional distress. *See id.* at 8–11.

---

[3] Plaintiff's TAC appears to be, in actuality, Plaintiff's Second Amended Complaint. Nevertheless, for the sake of clarity, the Court will refer to Plaintiff's operative complaint as it was filed and her proposed amended complaint that is addressed herein as her proposed Third Amended Complaint.
[4] Plaintiff's motion also fails to include a "marked-up" version of the proposed amended pleading that indicates in what respect(s) it differs from her FAC, as required by Local Civil Rule 15.1(a)(2). However, since Plaintiff is proceeding *pro se*, the Court will excuse her noncompliance "in order to reach the merits of the instant motion." *Sung v. New Jersey*, No. 17-11960, 2019 WL 5061277, at *1 n.2 (D.N.J. Oct. 9, 2019).
[5] Since the proposed TAC largely omits paragraph numbers, all references will be by page number.

Defendant Gregory opposes Plaintiff's motion,[6] arguing her proposed TAC fails to cure the deficiencies that were fatal to her FAC. *See* Reply at 2–3. Specifically, Defendant notes the proposed TAC continues to assert claims that Judge Bumb dismissed with prejudice, and continues to include Zucker and Zucker, Goldberg & Ackerman as parties, despite all claims being dismissed against them with prejudice. *See id.* at 3. As to those claims that were dismissed without prejudice, Defendant contends that these claims "remain conclusory, without the requisite detail," and fail to satisfy federal pleading standards under Rule 8. *See id.* at 3. Defendant also takes issue with the addition of the PBS Defendants, asserting that the only connection they have to this action is in their capacity as the law firm and counsel of record for Gregory. *See id.* Defendant contends "Plaintiff's filing makes [it] perfectly clear [that] these Defendants have been added solely for the purpose of revenge," noting the omission of West and Becker from the proposed pleading and the request for the Court to "award the attorneys' assets" to Plaintiff so they can "see what it feels like to have their home taken and their family facing displacement." *Id.* at 3–4 (quoting TAC at 12). Accordingly, Defendant argues Plaintiff's motion should be denied as futile. *See id.* at 5.

## II. **DISCUSSION**

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: '[t]he court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v.*

---

[6] Only Defendant Gregory opposes Plaintiff's motion. While the newly proposed PBS Defendants seek to join in its opposition, the Court finds that the proposed Defendants do not have standing to oppose Plaintiff's motion for leave to amend because they are not yet named parties to this action. *See, e.g.*, *Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014) (quoting *State Farm Mut. Auto Ins. Co. v. CPT Med. Servs., P.C.*, 246 F.R.D. 143, 146 n.1 (E.D.N.Y. 2007)) ("Proposed defendants 'do not have standing to oppose' a motion to amend 'because they are not yet named parties.'"); *Bittner v. Waterford Twp. Sch. Dist.*, No. 18-10990, 2020 WL 10223599 (D.N.J. Jan. 13, 2020) (finding proposed third-party defendant did not have standing to oppose motions to file an amended answer with third-party complaint). No opposition was filed by Defendants Zucker, Zucker, Goldberg & Ackerman, or McDonough, and Plaintiff filed no reply in response to Gregory's opposition.

4

*Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019). Notwithstanding this liberal standard, "[d]enial of leave to amend can be based on undue delay; bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)); *see United States ex rel. Thomas v. Siemens AG*, 593 F. App'x 139, 144 (3d Cir. 2014) (citation omitted) ("A motion to amend a complaint is committed to the sound discretion of the district court.").

"'Futility' means the complaint, as amended, would fail to state a claim upon which relief could be granted," and is analyzed under the same standard of legal sufficiency as a Rule 12(b)(6) motion to dismiss. *Evans v. City of Philadelphia*, 763 F. App'x 183, 185–86 (3d Cir. 2019) (citation omitted). The Court's inquiry is whether the proposed pleading sets forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court also liberally construes Plaintiff's allegations in light of his status as a *pro se* litigant. *See Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (citing *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Liberal construction does not, however, require the Court to credit a *pro se* litigant's "bald assertions" or "legal conclusions." *Id.* (citation omitted); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Rule 8 . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."); *see also Itiowe v. Trentonian Owner & CEO*, No. 13-5779, 2014 WL 5358993, at *1 (D.N.J. Oct. 20, 2014) (citation omitted) ("While *pro se* plaintiffs are not held to same strict standards as attorneys, 'they also cannot be excused from compliance with the plain text of the federal rules.'").

Defendant argues that Plaintiff chose to ignore the substance of the May 18, 2021 Opinion and Order because her proposed TAC fails to cure the deficiencies noted therein and seeks to assert new frivolous claims and, therefore, Plaintiff's motion must be denied as futile. *See* Reply at 2–3. For the reasons to be discussed in detail, the Court agrees and finds that Plaintiff's proposed TAC, much like her FAC, fails to state a claim upon which relief can be granted and, in many respects, disregards the directives and guidance provided in Judge Bumb's Opinion and Order. Therefore, the Court will deny Plaintiff's motion.

### A. Plaintiff's Wrongful Foreclosure, Breach of Contract, and RICO Claims

The Court finds that Plaintiff's first three claims, which are asserted against all Defendants, are barred by New Jersey's Entire Controversy Doctrine and the *Rooker-Feldman* doctrine for all the reasons stated in Judge Bumb's May 18, 2021 Opinion. *See* Op. at 9–11; *Valente v. Zucker*, No. 20-8316, 2021 WL 1976694, at *3–4 (D.N.J.). Plaintiff's proposed TAC, much like her FAC, "generally alleges fraud with respect to state law claims that could have been brought during the foreclosure proceeding" and, therefore, these claims are barred by the Entire Controversy Doctrine. *Valente*, 2021 WL 1976694, at *4 (citing *Shibles v. Bank of Am., N.A.*, 730 F. App'x 103, 106–07 (3d Cir. 2018) (affirming dismissal of plaintiff's first amended complaint because she "could have brought her state law fraud and breach of contract claims in the underlying foreclosure action")). As the Third Circuit noted in *Shibles*, a "basic tenet of state law" is that a "defendant in a foreclosure case may not fail to diligently pursue a germane defense and then pursue a civil case against the lender alleging fraud by foreclosure." 703 F. App'x at 106–07 (citation omitted). "Germane" claims include those that "attack the validity of the mortgage, the amount due, or the right of the [lender] to foreclose." *Id.* at 106 n.5 (citation omitted). Here, Plaintiff's first three

claims seek to do just that and should have all been brought in the underlying foreclosure action. They were not.

Alternatively, the Court finds these claims are also barred by the *Rooker-Feldman* doctrine. *See Lopaz v. Stern & Eisenberg, P.C.*, No. 18-2136, 2018 WL 6061576 (D.N.J. Nov. 20, 2018) (dismissing *pro se* plaintiff's complaint challenging the validity of a state court foreclosure action, in part, because the *Rooker-Feldman* doctrine deprived the court of subject matter jurisdiction). "The doctrine "is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Shibles*, 703 F. App'x at 105 (alterations in original) (quoting *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). One critical aspect of the *Rooker-Feldman* doctrine is the alleged injury must be "produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 167 (3d Cir. 2010) (citation omitted). In other words, "deny[ing] a legal conclusion reached by the state court" is not alone sufficient to invoke the *Rooker-Feldman* doctrine. *Id.*

Here, Plaintiff's alleged injuries directly result from the underlying foreclosure judgment. Plaintiff alleges she "is seeking damages for wrongful foreclosure," that "there was an irregularity in the foreclosure sale, and that this "irregularity caused [her] damages." TAC at 12. Furthermore, Plaintiff seeks relief in the form of having the judgment voided and the debt discharged, *inter alia*. Thus, Plaintiff "complain[s] of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Shibles*, 730 F. App'x at 105 (*Exxon*, 544 U.S. at 284). As such, the *Rooker-Feldman* doctrine applies to deprive the Court of subject matter jurisdiction and, therefore, the Court alternatively finds it lacks subject matter jurisdiction over Plaintiff's claims of

7

wrongful foreclosure, breach of contract, and "RICO." For all these reasons, the Court finds that Plaintiff's first three claims are futile.

### B. Plaintiff's Remaining Claims

The Court finds that Plaintiff's remaining claims of slander of title, slander of credit, and infliction of emotional distress fail to satisfy federal pleading standards. In fact, most, if not all, of Plaintiff's allegations are conclusory and speculative and cannot stand under *Iqbal* or *Twombly*. *See, e.g.*, TAC at 2 ("The plaintiff alleges the foreclosure is 'Void' because [it] was initiated by a party without standing."); TAC at 9 (alleging, in part, that the foreclosure was "unlawful" because the "foreclosure statute [] is missing 3 elements needed to be considered a valid law"); TAC at 11 ("The defendants have caused to be recorded various documents including unlawful foreclosure which constitutes slander of title.").

Rule 8(a)(2) requires a plaintiff to file a complaint "that states a claim for relief" and contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d) requires that "[e]ach allegation must be simple, concise, and direct." "'Taken together,' Rules 8(a) and 8(d)(1) 'underscore the emphasis placed on clarity and brevity by the federal pleading rules.'" *Binsack v. Lackawanna Cnty. Prison*, 438 F. App'x 158, 160 (3d Cir. 2011) (citation omitted); *see, e.g.*, *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (affirming dismissal where *pro se* plaintiff's complaint "was 'rambling and unclear' and therefore failed to meet the pleading standards set forth in Rule 8(a)"); *Duffy v. Absecon Police Dep't*, No. 17-1117, 2018 WL 3410026, at *7 (D.N.J. July 12, 2018) (dismissing plaintiff's second amended complaint for failing to comply with Rule 8 "because of its conclusoriness, prolixity, internal contradictions and equivocations, digressions, compound averments and general disorganization").

It is clear from reading Plaintiff's proposed TAC in its current form that it fails to allege non-conclusory factual grounds to support any of the claims asserted therein. More importantly, the proposed TAC fails to make any allegations with sufficient specificity as to place Defendants on notice of the accusations made against them and, in a broader sense, the actual contours of this lawsuit. In fact, no defendant is mentioned or identified by name in the proposed TAC or any of the allegations underlying it. Consequently, "[t]he complaint defies any attempt to meaningfully answer or plead to it." *Binsack*, 438 F. App'x at 160. For these reasons, the Court finds Plaintiff's remaining claims, and the proposed TAC in its entirety, are also futile.

### C. Leave to Amend is Denied

Having determined that Plaintiff's proposed amendment is futile, the next issue the Court must address is whether she should be given another opportunity to amend. The answer is no. Despite being on notice of what was required to properly plead her claims, Plaintiff has still not pleaded a viable claim against any Defendant. In fact, Plaintiff continues to assert claims against Defendants Leonard B. Zucker, Zucker, Goldberg & Ackerman, LLC, and Gregory Funding LLC despite Judge Bumb dismissing the claims against these Defendants with prejudice. *See* Op. at 2; Order at 1. Plaintiff also continues to assert claims of wrongful foreclosure, breach of contract, and "RICO" despite Judge Bumb finding these claims were barred on multiple bases. *See* Op. at 8–11. In this respect, Plaintiff's proposed TAC pleads essentially the same allegations that have already been deemed deficient.[7] Since it appears from Plaintiff's multiple filings on the Court's docket that she is an experienced and well-informed *pro se* litigator, the Court fairly assumes that

---

[7] Notably, Plaintiff's claims of slander of title and slander of credit repeat verbatim the allegations set forth in her FAC. *Compare* FAC ¶¶ 7.1, 9.1, *with* TAC at 11. Plaintiff's claims of "RICO" and infliction of emotional distress also remain largely unaltered. *Compare* FAC ¶¶ 5.1–5.4, 10.1, *with* TAC at 10–11.

9

if facts existed to support Plaintiff's claims, they would have been pleaded. Accordingly, the Court finds that it would be futile to provide Plaintiff with another opportunity to amend and, therefore, denies Plaintiff's motion with prejudice. *See, e.g., Mann v. Brenner*, 375 F. App'x 232, 240 n.9 (3d Cir. 2010) (affirming the dismissal of the plaintiff's second amended complaint with prejudice because allowing him "a fourth bite at the apple would be futile"); *Moriarty v. DiBuonaventura*, No. 14-2492, 2015 WL 1469515, at *4 (D.N.J. Mar. 30, 2015) ("Plaintiff's Amended Complaint fails to plead plausible claims for relief and fails to cure the deficiencies of the original Complaint. The Court previously identified these deficiencies and gave Plaintiff an opportunity to cure them. Because Plaintiff has, again, failed to plead plausible claims for relief in non-conclusory terms, Plaintiff's claims against the [defendant] will be dismissed with prejudice."); *see also Poling v. K. Hovnanian Enters.*, 99 F. Supp. 2d 502, 516 (D.N.J. 2000) (denying *pro se* plaintiff leave to amend because "such an amendment would be futile").

### III.　CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** this **10th** day of **September**, **2021**, that Plaintiff's motion to amend [ECF No. 27] is **DENIED** with prejudice.

s/ Sharon A. King  
SHARON A. KING  
United States Magistrate Judge

cc:　Hon. Renée M. Bumb, U.S.D.J.